Charles **RESNIK**, Appellant,

v.

**LA PAZ GUEST RANCH**, Appellee.

Nos. 16835, 16836.

United States Court of Appeals
Ninth Circuit.

April 12, 1961.

Emanuel Cowitt, Los Angeles, Cal., Jack I. Esensten, Inglewood, Cal., for appellant.

Theodore J. Elias, Harold Easton, Leo S. Rich, Los Angeles, Cal., for appellee.

Before BARNES, HAMLIN and MERRILL, Circuit Judges.

BARNES, Circuit Judge.

The necessary jurisdiction below is in issue in this case. Appellant asserts federal diversity jurisdiction under 28 U.S. C. § 1332. Several appeals are taken (a) from an order of the district court vacating a partial summary judgment and (b) from a further order of the same court dismissing appellant's action. Jurisdiction on appeal rests on 28 U.S.C. § 1291.

Appellant in 1958 filed in the United States District Court for the Southern District of California an action on a promissory note, in count one, and for money had and received, an open book account and an account stated in counts two, three and four. The complaint alleged, inter alia, that appellee had, on or about September 1, 1954, executed and delivered to appellant a promissory note for $30,463.85. A partial summary judgment in favor of appellant on count one was entered on August 29, 1958. A writ of execution was then issued and pursuant thereto, the United States Marshal levied upon certain real property belonging to appellee. No sale, however, was held and on July 23, 1959, appellee, apparently proceeding under Fed.R.Civ.P. 60(b) (2) and (3), 28 U.S.C.A. moved to set aside the summary judgment. Appellee claimed that newly discovered evidence disclosed the federal court did not have jurisdiction in the matter, because there existed no diversity of citizenship among the parties. On September 22, 1959, the court entered an order setting aside the judgment. The court expressly stated that it was not then passing upon the question of federal jurisdiction, although it specifically granted appellee leave to move for dismissal because of lack of jurisdiction. The sole grounds for the order vacating judgment were ap-

pellant's failure to appear for the taking of a deposition after proper notice had been served upon him, and appellant's failure on two occasions to appear before the Court, pursuant to court orders which had been communicated to him. On October 9, 1959, appellant filed a notice of appeal from the above described order vacating judgment.

On November 20, 1959, appellee filed notice of its motion to dismiss appellant's entire action in the district court on the ground that that court had no jurisdiction over it. On November 24, 1959, appellant dismissed counts two, three and four. On January 20, 1960, the district court entered a judgment dismissing appellant's first cause of action for lack of jurisdiction and also because of appellant's failure to prosecute the action. Appellant, of course, has appealed from this judgment of dismissal.

Thus this case presents two appeals. One involves an order setting aside the original summary judgment in favor of appellant; the other is concerned with the subsequent judgment dismissing appellant's action. Appellant has filed identical opening briefs for both appeals; and in argument generally both sides have treated the two appeals as though they were combined, as will we.

Appellant asserts: (1) that appellee was not, under the circumstances, entitled to raise the question of lack of jurisdiction; (2) that the court could not properly vacate a judgment simply because of a litigant's refusal to comply with the court's orders; (3) that the trial court had no power to dismiss his action when an appeal was pending in this court; (4) that there actually was adequate diversity of citizenship which precluded a dismissal of the action.

(1) Was appellee entitled to raise the question of lack of jurisdiction? Appellant contends that appellee's admission of the jurisdictional facts in the original pleadings precluded appellee, by waiver and estoppel, from later challenging the court's jurisdiction. This argument is clearly without merit. Generally lack of jurisdiction allegedly based upon diversity of citizenship can be raised in the trial court "at any time." Page v. Wright, 7 Cir., 1940, 116 F.2d 449, 451, petition for *certiorari* dismissed, 312 U.S. 710, 61 S.Ct. 831, 85 L.Ed. 1142. It is true that the jurisdictional issue cannot, normally, be raised by collateral attack. McCormick v. Sullivant, 10 Wheat. 192, 23 U.S. 192, 6 L.Ed. 300, but see Note: Collateral Challenge to Jurisdiction, Hart & Wechsler, The Federal Courts and the Federal System, p. 724. The challenge to the judgment in this instance, however, is specifically authorized by Rule 60(b) (2),[1] Fed.R.Civ.P., and was raised within the time permitted by that Rule. (Rule 60(b).) As required by the Rule, appellee alleged that newly discovered evidence, which with due diligence could not have been discovered before trial, demonstrated the court's lack of jurisdiction.

Appellee was, then, expressly authorized to raise the jurisdictional question in the manner in which it did so, and appellee was clearly not estopped from raising the question by any prior pleadings or admissions in the case. Page v. Wright, supra.

Appellant cites authority for the proposition that a court's determination regarding jurisdiction over the subject matter is final, res judicata, and not subject to collateral attack. Cf. Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104. The cited cases represent good law, but they have nothing to do with a

---

1. Fed.R.Civ.P. 60(b) (2) reads as follows:
   "Rule 60. *Relief from Judgment or Order.*
   *   *   *   *   *
   "(b) Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may

relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
   *   *   *   *   *
   "(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);   *   *   *".

court's power under Rule 60 to vacate or set aside a judgment. Appellant further relies on a portion of Professor Moore's treatise (7 Moore, Federal Practice 269 (2d ed. 1955)), but again the citation is inappropriate. The material cited by appellant refers exclusively to Rule 60(b) (4), dealing with void judgments, and not to Rule 60(b) (2) and (3), the provisions which are here of concern.

(2) Appellant in his first appeal complains of the court's vacating the summary judgment—such action cannot, appellant asserts, be taken for the reasons relied on by the trial court.

Before coming to the merits of this point raised by appellant, there is a preliminary question which neither side has considered, but which was raised by this court on oral argument. The order vacating the summary judgment is an interlocutory order, and hence, nonappealable. It does not finally dispose of the case. Indeed, the order expressly contemplated further proceedings with respect to jurisdiction, and it specifically reserved the jurisdictional question (p. 2 of Order Setting Aside Judgment) for subsequent decision. A decision which leaves some matter in controversy open for future determination before the rights of the parties are conclusively adjudicated is interlocutory and not final. Beighlee v. Le Roy, 3 Cir., 1930, 94 F.2d 30. Indeed, it has been specifically held that an order vacating a judgment under rule 60(b) is interlocutory and nonappealable. Stathatos v. Arnold Bernstein S.S. Corp., 2 Cir., 1953, 202 F.2d 525. See also 7 Moore, Federal Practice 342 (2d ed. 1955). In Board of Supervisors of Rockland County v. Knickerbocker Ice Co., 2 Cir., 1935, 80 F.2d 248, the court noted that there exists an exception to the general rule just stated. When the motion to vacate is made after expiration of the term at which the judgment was rendered, the motion is viewed as a new proceeding which is concluded by the order. See also Mohonk Realty Corp. v. Wise Shoe Stores Inc., 2 Cir., 1940, 111 F.2d 287, 289, note 1. The vitality of this exception seems to have been diminished, if not extinguished, by the adoption of Rule 6(c), which provides that the expiration of a term of court does not affect a court's power to do any act or take any proceeding in any civil action which has been pending before it. In any event, the burden is upon appellant to demonstrate that the order appealed from is final and that this court has jurisdiction of the appeal. Ninth Circuit Rule 18, subd. 2(b), 28 U.S.C.A. And appellant has here asserted no facts or argument that would bring him within the above described exception to the general rule of the Rockland case. The appeal from the order setting aside the judgment (No. 16835 in this court) should be dismissed for lack of jurisdiction in this court. A court of appeals, of course, is "bound to refuse sua sponte to assume jurisdiction not conferred upon it." Bass v. Baltimore & Ohio Term. R. Co., 7 Cir., 1944, 142 F.2d 779, 780, certiorari denied 323 U.S. 775, 65 S.Ct. 135, 89 L.Ed. 619.

If this court should reach the merits of the appeal from the order vacating the judgment, then, the trial court's action must be affirmed. Appellee's motion to set aside the summary judgment raised a serious question regarding the court's jurisdiction in this matter. It was, then, important to determine as expeditiously as practicable, the actual facts regarding the alleged lack of diversity of citizenship among the litigants. Appellant's uncooperative behavior, specifically described in the Order Setting Aside Judgment, hindered the necessary inquiry. Appellant asserts that he was not required to appear just because appellee wanted him there. But as the order specifically states, it was the court's orders, not the appellee's wishes, which appellant refused to comply with. Assuming a serious question with respect to the court's jurisdiction to render the original judgment, and given, further, appellant's sustained refusal to aid in resolving that question, the court was justified—and certainly it did not abuse its discretion—in vacating the judgment. Such action merely paved the way for an

orderly determination of the jurisdictional question.

■ Appellant asserts that appellee "disposed of all of its assets which were the subject matter of the litigation," and that therefore it could not move to vacate the judgment against it. The short answer to this contention is that there is no specific property which is the subject of litigation. The complaint purported to state a cause of action for money had and received and an action on a promissory note. The judgment was for a sum certain, but does not relate to any specific property. Appellant's argument simply cannot apply to the factual situation pleaded and proved in the present case.

As his final point on this phase of the case, appellant asserts that the attorneys who moved to vacate the judgment and who are now defending this appeal do not represent the real party in interest. This contention was decided adversely to appellant by an order of this court filed on November 2, 1960. That order denied the motion of F. M. Hotels, Inc., (which appellant asserts to be the real party in interest) to substitute attorneys.

■ (3) We reach next appellant's point that the trial court had no jurisdiction to order a dismissal of the action when an appeal was pending from the court's prior order vacating judgment. As a general rule, of course, once an appeal has been taken—once notice of appeal has been timely filed—the district court is divested of jurisdiction to take any action except in aid of the appeal. 7 Moore, Federal Practice 3158–59. Miller v. United States, 7 Cir., 114 F.2d 267, certiorari denied 313 U.S. 591, 61 S.Ct. 1114, 85 L.Ed. 1545. In the instant case,

however, the trial judge believed that the general rule did not apply, for the first appeal was not taken from the final judgment, but from an order vacating that judgment. The trial court's jurisdiction to dismiss can be affirmed on a stronger ground. We have already noted that the appeal from the order vacating judgment is invalid because the order appealed from is interlocutory and not final.

■ The improvident taking of an appeal cannot effectively destroy the authority of the court below to proceed upon motions properly before it. Healy v. Pennsylvania R. Co., 3 Cir., 1950, 181 F.2d 934, 936, certiorari denied 340 U.S. 935, 71 S.Ct. 490, 95 L.Ed. 674.

Nor can an attempted appeal from a nonappealable order deprive the trial court of jurisdiction.[2] Euzieri v. United States, 10 Cir., 1959, 266 F.2d 88, 91; reversed on other grounds, 364 U.S. 282, 80 S.Ct. 1615, 4 L.Ed.2d 1720.

(4) Having disposed of the various preliminary considerations, we arrive at the most crucial question in this appeal. Did the trial court, having previously vacated the judgment in appellant's favor, err in dismissing appellant's action? The court stated two grounds for the dismissal:

A. Lack of jurisdiction over the subject matter because the required diversity of citizenship had not been established.

B. Failure to prosecute the action.

It is our opinion that the court erred in finding a lack of jurisdiction over the subject matter. Under the principles of law applicable to this case, it appears that the required diversity of citizenship between the parties had been established. Appellee's motion to vacate the judgment

2. "Not only Rule 39 of the Rules of Criminal Procedure, 18 U.S.C.A., but all of the cases hold that an appeal divests the trial court of jurisdiction over the case, but that presupposes that there is a valid appeal from an appealable order. * * An attempt to appeal a non-appealable order remains just that, an attempt. It is a nullity and does not invest the appellate court with jurisdiction, and conse-

quently does not divest the trial court of its jurisdiction." Euzieri v. United States, supra, 266 F.2d at page 91; reversed on other grounds, 364 U.S. 282, 80 S.Ct. 1615. See also 4A C.J.S. Appeal and Error § 606, p. 394; State v. Mc-Dowall, 197 Wash. 323, 85 P.2d 660; Riddle v. Hudgins, 8 Cir., 1893, 58 F. 490; Phillips v. Phillips, 41 Cal.2d 869, 264 P.2d 926.

rested upon the ground that, as revealed by newly discovered evidence, plaintiff, a Nevada resident, had assigned all or a portion of his interest in the claims sued upon to two California citizens, Alvin Gershenson and Harrison Hartford, Inc. Since appellee is a California citizen, the joinder of these two assignees as parties plaintiff would destroy diversity jurisdiction.

■ It is clear that the failure to join necessary or proper parties whose presence would defeat diversity does not require dismissal of an action. Rule 19 (b), Fed.R.Civ.P. It is equally clear that the joinder or omission of indispensable but nondiverse parties requires dismissal (Young v. Powell, 5 Cir., 1950, 179 F.2d 147, certiorari denied 339 U.S. 948, 70 S. Ct. 804, 94 L.Ed. 1362; 3 Moore, Federal Practice, 2146 (2d ed.)). With respect to the omission of indispensable nondiverse parties it is sometimes said that dismissal occurs not for want of federal jurisdiction but for the lack of indispensable parties. See e. g., Young v. Powell, supra, 179 F.2d at page 149. Regardless of the theory, however, the trial court in this case was right in dismissing the action only if either Gershenson or Harrison Hartford, Inc., is a California citizen and an indispensable party.

From the foregoing, it is clear that it is not relevant whether the lack of diversity did not appear on the face of the pleadings or whether Gershenson and Harrison Hartford, Inc., were ever, in fact, joined as parties to the action. To dispose of this phase of the case, it is necessary to resolve three questions:

1. Was Gershenson (or Harrison Hartford, Inc.) a California citizen?

2. Did Gershenson (or Harrison Hartford, Inc.) have an interest in the claim sued upon?

3. Was that interest such as to make him (or Harrison Hartford, Inc.) an indispensable party?

The record contains sufficient evidence to sustain affirmative answers to questions 1 and 2. Defendant's Exhibit A is a request for admissions (see Rule 36, Fed.R.Civ.P.) served upon appellant's attorney (Rule 5(b)). The request asked appellant to admit that Gershenson and Harrison Hartford, Inc., were California citizens and that they had, prior to commencement of this action, received an assignment from appellant of five per cent interest in all claims which appellant had against defendant. The response to this request for admissions (Defendant's Exhibit B) was not, as required by Rule 36, executed by appellant nor was it a sworn statement. Thus the allegations of the request for admissions are deemed admitted. (Rule 36(a).)

■ Since the burden of proving federal jurisdiction is upon the party asserting it (McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135), the trial court had ample justification for concluding that Gershenson and Harrison Hartford, Inc., were partial assignees of the claim; that they were California citizens, and that their joinder would spoil diversity.

The remaining question then is whether the court was right in further concluding that Gershenson and Harrison Hartford, Inc., were indispensable parties whose absence precluded trial and whose presence could not be obtained without destroying the court's jurisdiction. Appellee blandly assumes without argument or authority that a partial assignor of a chose in action is an indispensable party. Appellant devotes a significant portion of his brief to this problem but the argument is vague and the use of authority poor.

■ The determination of whether a party is indispensable is, Professor Moore asserts, a procedural matter to be determined in accordance with federal rules (3 Moore, Federal Practice, 2152–53). Professor Moore states flatly that a

partial assignee of a chose in action, though a necessary party, is not an indispensable party (3 Moore, Federal Practice 2178). In this he is supported by a number of cases, the most recent being Rogers v. Penobscott Mining Co., 8 Cir., 1907, 154 F. 606, 615–616; and Hirsch v. Glidden Co., S.D.N.Y., 1948, 11 F.R.Serv. 19b.1, case 7. Even if the rule of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, were to govern the question of determining which parties are indispensable, the rule which Professor Moore has deduced from the federal cases, would apply to diversity cases arising in California. It has been held in California that a defendant, sued by a partial assignee of a chose in action may require the joinder of all other assignees (Grain v. Aldrich, 1869, 38 Cal. 514). In other words, partial assignees, are, in California, proper parties, but by clear implication the California court has held that such assignees are not *necessarily* indispensable parties. (See Grain v. Aldrich, supra, especially at page 522.) It is our conclusion, then, that the trial court's opinion cannot be sustained on the ground that there was a lack of diversity of citizenship or that there was a nonjoinder of an indispensable party whose presence would spoil diversity.

■ The court's second ground for dismissing the action—want of prosecution—was a matter of discretion. It is clear now that such discretion was exercised under a misunderstanding as to some of the legal principles applicable to the case. If the trial judge had known that one of the grounds for dismissing the action was unavailable to him, he might have pursued a different course. We therefore believe that it is proper to remand this case so that the trial judge may exercise his discretion in the light of the law as we have determined it.

The cause is remanded for further proceedings below in accordance with this opinion.