**Donovan Edward RUBY, Appellant,**

v.

**SECRETARY OF the UNITED STATES NAVY, Appellee.**

No. 20473.

United States Court of Appeals
Ninth Circuit.

June 2, 1966.

See also, 9 Cir., 341 F.2d 585.

Donovan E. Ruby, in pro. per.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, BARNES, HAMLEY, JERTBERG, MERRILL, KOELSCH, BROWNING, DUNIWAY and ELY, Circuit Judges.[1]

1. The motion was originally heard by a panel consisting of Judges Hamley, Merrill and Duniway.

HAMLEY, Circuit Judge:

Donovan Edward Ruby commenced this action against the Secretary of the United States Navy to obtain an adjudication that Ruby is entitled to " * * * a legal, lawful and proper discharge or separation and or retirement * * * " from the United States Navy. Pursuant to Rule 12(b), Federal Rules of Civil Procedure, defendant moved to dismiss the complaint. This motion was granted by the district court on June 17, 1965 on the ground that the matter in dispute is res judicata. On July 8, 1965, Ruby moved to vacate and set aside this order, which motion was denied on the day it was filed. On July 14, 1965, Ruby appealed from the order of dismissal entered on June 17, 1965. On August 3, 1965, the district court entered an order dismissing the action. No appeal was taken from the latter order.

The United States has moved to dismiss the appeal arguing: (1) the district court order of June 17, 1965, dismissed the complaint, but did not dismiss the action; (2) such an order is not a final decision within the meaning of 28 U.S.C. § 1291 (1964) and is therefore not appealable; and (3) the notice of appeal filed on July 14, 1965, is directed to this non-appealable order, and no appeal has been taken from the order of August 3, 1965, dismissing the action.

 An order which dismisses a complaint without expressly dismissing the action is not, except under special circumstances, an appealable order. Richardson v. United States, 9 Cir., 336 F.2d 265, 266; Marshall v. Sawyer, 9 Cir., 301 F.2d 639, 643; Javor v. Brown, 9 Cir., 295 F.2d 60, 61. The special circumstances which will permit this court to regard such an order as final and appealable must be such as to make it clear that the court determined that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make, thereby entitling plaintiff to assume that he had no choice but to stand on his complaint. Marshall v. Sawyer, 301 F.2d at 643; Gardner v. J. J. Newberry Co., Inc., 9 Cir., 239 F.2d 178.

Examination of the record indicates that such special circumstances do not exist in this case. In granting the motion to dismiss the complaint on the ground that the matter in dispute is res judicata, the district court stated:

"The fact that an administrative official of the government has written a possibly ambiguous letter does not revive plaintiff's claim since there is no allegation in the complaint that the official either had the authority or intended to waive the statute of limitations."

This statement indicates to us that plaintiff could possibly have saved his cause of action by amending his complaint.

 It follows that, regarding the notice of appeal as being taken from the non-appealable order of June 17, 1965, the appeal must be dismissed. However, the question remains whether that notice of appeal may also be regarded as being taken from the subsequently-filed final order of August 3, 1965, dismissing the action.

A similar question was answered in the affirmative in Firchau v. Diamond National Corp., 9 Cir., 345 F.2d 269. In that case the district court, on June 25, 1964, dismissed the first amended complaint. On July 21, 1964, plaintiff appealed from that order. On July 24, 1964, the district court dismissed the action. No further notice of appeal was filed. This court denied defendant's motion to dismiss the appeal, holding that the notice of appeal would be regarded as directed to the final judgment of dismissal, " * * * overlooking as a technical defect not affecting substantial rights, the premature filing of that notice."

In Firchau, the court assumed, without discussion, that since the notice of ap-

peal was ineffectual when filed, because taken from a non-appealable order, it did not divest the district court of jurisdiction to enter a final order dismissing the action. In two earlier decisions by this court, it was held in one that, under such circumstances the district court had been divested of jurisdiction to enter a further order on the merits, and in the other, that the district court had such jurisdiction.

The earlier of the two cases is Merritt-Chapman & Scott Corp. v. City of Seattle, 9 Cir., 281 F.2d 896. In that case the district court, on December 30, 1959, entered an order dismissing the complaint. On January 6, 1960, a notice of appeal from that order was filed. On January 28, 1960, the district court entered an order dismissing the action. On the same day the plaintiff filed a notice of appeal from the order of December 30, 1959, and also from the order of January 28, 1960.

This court granted defendant's motion to dismiss the appeal in its entirety, holding, in effect, that: (1) the order of December 30, 1959, was not appealable, (2) the notice of appeal filed on January 6, 1960, directed against that non-appealable order, deprived the district court of jurisdiction to enter the subsequent order dismissing the action, and (3) by reason thereof, it was also necessary to dismiss the appeal taken from the latter order. In charting this course of action the court, in *Merritt-Chapman*, did not discuss the possibility that an appeal from a non-appealable order ought to be viewed in a different light than an appeal from an appealable order, in determining whether the district court has been deprived of jurisdiction.

In the later decision of this court in Resnik v. La Paz Guest Ranch, 9 Cir., 289 F.2d 814, a different result was reached. On September 22, 1959, the district court entered an order setting aside a previously-entered summary judgment. On October 9, 1959, plaintiff filed a notice of appeal from this order. On November 20, 1959, defendant filed a motion in the district court to dismiss the action for lack of jurisdiction. On January 20, 1960, the district court entered a judgment dismissing the action for lack of jurisdiction and failure to prosecute. Plaintiff appealed from the judgment of dismissal.

■ On appeal, plaintiff contended that the district court had no jurisdiction to order dismissal of the action when an appeal was pending from the court's prior order vacating judgment. This court rejected that argument, saying (page 818):

"As a general rule, of course, once an appeal has been taken—once notice of appeal has been timely filed—the district court is divested of jurisdiction to take any action except in aid of the appeal [citing authorities]. In the instant case, however, the trial judge believed that the general rule did not apply, for the first appeal was not taken from the final judgment, but from an order vacating that judgment. The trial court's jurisdiction to dismiss can be affirmed on a stronger ground. We have already noted that the appeal from the order vacating judgment is invalid because the order appealed from is interlocutory and not final.

"The improvident taking of an appeal cannot effectively destroy the authority of the court below to proceed upon motions properly before it [citing authority]."

We adhere to the view expressed in *Resnik*, and implicitly applied in *Firchau*, and therefore overrule *Merritt-Chapman* insofar as it expresses a contrary view. The only thing that is accomplished by a proper notice of appeal is to transfer jurisdiction of a case from a district court to a court of appeals. If, by reason of defects in form or execution, a notice of appeal does not transfer jurisdiction to the court of appeals, then such jurisdiction must remain in the district court; it cannot float in the air.

Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction. If the district court is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals. In the rare instance where the district court proceeds with a case under the mistaken belief that a notice of appeal is inoperative, the appellant may apply to the court of appeals for a writ of prohibition.

Where, as here, the district court correctly determines that its jurisdiction has not been ousted by a purported notice of appeal, because the latter was not taken from an appealable order, a notice of appeal directed to the non-appealable order will be regarded, as in *Firchau*, as directed to the subsequently-entered final decision.

The motion to dismiss the appeal is denied.

CHAMBERS, Circuit Judge, concurring.

I concur in the foregoing. Fundamentally I do not believe in it or in our Firchau case, 345 F.2d 269, in which I concurred. But to me there is a message by which I must abide in United States v. State of Arizona et al., 346 U.S. 907, 74 S.Ct. 239, 98 L.Ed 405, and Hoiness v. United States, 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16, that reaches in to Firchau and Ruby.

I do wonder how we shall hold when a plaintiff files his notice of appeal as an appendage to his original complaint.