865 F.2d 263
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Ronald Blagden ANDERSON, Plaintiff-Appellant,
v.
HUGHES HELICOPTERS, INC.; J.M. Harrison; K.B. Amer; S.V.
La Forge; R. Kiss; C.W. Bradshaw, Defendant-Appellees.
 No. 87-5704.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 31, 1988.
Decided Dec. 28, 1988.
 Before FLETCHER, ALARCON and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Ronald Anderson appeals pro se from the order dismissing his Title VII complaint with prejudice for failure to appear on the date set for trial and the denial of his motion for relief from judgment filed pursuant to F.R.Civ.P. 60(b). Anderson seeks reversal on the following grounds: (1) the district court abused its discretion by failing to provide him with notice or a hearing prior to dismissing the action; (2) the district court lacks power sua sponte to dismiss an action for failure to prosecute; (3) the district court failed to weigh the relevant factors governing such dismissals including consideration of less drastic sanctions; and (4) the district court failed to comply with its duty to instruct persons acting in pro se on the proper procedures for prosecuting a civil action. In addition, Anderson claims that the district court erred in awarding costs to the appellees because the record does not show that his Title VII action was frivolous, unreasonable or groundless.
 
 I.
 
 3
 On February 10, 1987, at 10:00 a.m., the district court called this matter for trial. The defendants, Hughes Helicopters, Inc. ("Hughes"), Sally La Forge, Kenneth B. Amer, Richard Kiss, C.W. Bradshaw, and J.M. Harrison answered ready for trial. Anderson was not present. The court inquired whether defense counsel had been in touch with Anderson. Hughes' counsel responded that he had tried to reach Anderson the previous day without success. The court then stated:
 
 
 4
 We've been going round and round on this since '83. I don't see how we can continue to keep it here in the Court and yet, since he is in pro per, I'm somewhat reluctant to dismiss it, but I frankly don't know what else to do at this juncture.
 
 
 5
 Hughes' counsel volunteered to place a call to the telephone number listed on Anderson's last pleading with the court. Permission was granted. Hughes' counsel reported that he received no response after letting the telephone ring ten times.
 
 
 6
 The defense moved to dismiss under F.R.Civ.P. 41(b) for failure to prosecute. Counsel pointed out that they were prepared for trial, the witnesses were present in court, and that Anderson had received notice of the trial date. One witness had traveled from Arizona to be present at trial. The court was also advised that Anderson had filed a notice of appeal from a denial of his "Application For Permission To Seek Appellate Review."
 
 
 7
 Anderson had filed a document entitled "Ex Parte Application For Permission To Seek Appellate Review" with the district court on January 6, 1987. In these papers, Anderson informed the court that in a related case, Anderson v. Rockwell International, et. al., CV 84-3725-WJR(Px) ("Rockwell "), the magistrate had issued an order prohibiting him from "contacting ex parte any present or former employees of a corporate defendant during the pendency of litigation." Anderson stated that he was unsure whether the cases relied upon to support that order would control his trial preparation in the present case. He requested the district court in the present matter to declare that he had the right to contact ex parte any witnesses of defendant corporation without the presence of defendants' attorneys. Anderson suggested that this was not merely an "academic dilemma" but rather was necessary to his trial preparation. He claimed that Hughes' counsel allegedly stated that he would not assist Anderson in the production of witnesses for trial. Anderson failed to set forth any facts, however, showing that defense counsel had interfered with his right to contact any witness or threatened to do so. Further, no showing was made that defense counsel in this matter had sought a similar protective order.
 
 
 8
 On January 22, 1987, Anderson filed a separate paper styled as "Plaintiff's Second Ex Parte Application For Permission to Seek Appellate Review" in which he again requested a declaration that he could contact current or former employees of appellee Hughes Helicopters corporation. In support of this motion, Anderson argued that "[i]n view of the close cooperation and collaboration shown between opposing counsels, there is no reason to conclude that a (sic) identical protective order, sanctions and prohibitions upon calling of witnesses would not be sought and obtained in the instant case." The district court denied without comment Anderson's application for permission to seek appellate review on January 27, 1987. Anderson filed a notice of appeal from that ruling on February 3, 1987.
 
 
 9
 In support of the motion for dismissal for failure to prosecute, Hughes' counsel explained that the purported appeal was ineffective because it sought review of a non-appealable order. The January 27, 1987 order was not appealable because it was not a final order. 28 U.S.C. Sec. 1291. The order does not fall within the ambit of the collateral order exception of Sec. 1291. Because the court's order was tentative and could be reconsidered upon presentation of facts demonstrating interference by defense counsel, the order is unappealable. In Gulfstream Aerospace Corporation v. Mayacamas Corp., 108 S.Ct. 1133 (1988), the Supreme Court stated that tentative rulings that the trial court "ordinarily would expect to reassess and revise ... in response to events occurring 'in the ordinary course of litigation,' " id. at 1137 (citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 13 n. 14 (1983)), are not within the collateral order exception.
 
 
 10
 Hughes' attorney argued to the district court that under Ruby v. Secretary of the United States Navy, 365 F.2d 385, (9th Cir.1966) a district court retains jurisdiction where a notice of appeal has been filed from a non-appealable order.
 
 
 11
 The court then granted the motion to dismiss for failure to prosecute under Rule 41(b) after making the following statement:
 
 
 12
 I think your motion is well taken at this time. I have bent over backwards trying to keep Mr. Anderson in court, but I don't see that it's fair to the other parties and I have to be fair to everyone.
 
 
 13
 The district court impliedly concluded that it had jurisdiction to dismiss this action notwithstanding the pendency of the purported notice of appeal from the denial of Anderson's "Application For Permission To Seek Appellate Review." We agree that the district court had jurisdiction to dismiss this action. We held in Ruby that a district court may disregard a purported notice of appeal from a non-appealable order. Id. at 389.
 
 II.
 
 14
 We review a district court's order of dismissal for failure to prosecute for abuse of discretion. Carey v. King, No. 86-4335, slip op. at 11836, (9th Cir. September 15th, 1988) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962)); Ash v. Cvetkov, 739 F.2d 493, 495 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985). The district court may dismiss a case for failure to appear at a scheduled court hearing in order "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30. Depending upon the circumstances of the case, a district court may enter an order of dismissal, in the absence of prior notice to the plaintiff that the ultimate sanction of dismissal will be imposed, without offending due process. Id. at 632.
 
 III.
 
 15
 In his declaration in support of his Rule 60(b) motion, Anderson declared under penalty of perjury that "I was totally unaware that this case would proceed to trial on February 10, 1987 and I was never notified or informed by any court personnel of a trial date." The record demonstrates that Anderson had actual knowledge that his matter was set for trial on February 10, 1987. Nevertheless, he failed to appear or to notify the court that he would not be present.
 
 
 16
 Anderson was present at the pretrial conference held on August 4, 1986. On that date, the district court set the matter for trial on February 10, 1987. Anderson was served with notice of the trial date on August 6, 1986. Furthermore, in his "Application For Permission To Seek Appellate Review" filed in the district court on January 6, 1987, Anderson referred to the "upcoming Trial in February, 1987." On January 23, 1987, in his "Second Application For Permission to Seek Appellate Review," Anderson requested a "vacation" of the February trial date. On January 27, 1987, three documents were filed and mailed which set forth the trial date as February 10, 1987: (1) appellee Harrison's list of witnesses, (2) appellee Harrison's list of exhibits, and (3) appellee Hughes' "Declaration of Counsel In Opposition To Plaintiff's Ex Parte Application." The third document stated the trial date twice.
 
 
 17
 On January 28, 1987, appellee Harrison filed and mailed a "Memorandum of Contentions of Fact and Law" which also set forth the trial date as February 10, 1987. On January 30, 1987, defense counsel mailed to Anderson a "Notice of Taking Deposition Trial Appearance Necessary with Records" which listed the trial date twice.
 
 
 18
 Anderson asserts that the district court's failure to provide him with notice and a hearing that the court was considering the imposition of sanctions prior to dismissing this action violated his right to procedural due process. This contention lacks merit. In Link, the Supreme Court stated that "the availability of a corrective remedy such as is provided by Federal Rule of Civil Procedure 60(b)--which authorizes the reopening of cases in which final orders have been inadvisedly entered--renders the lack of prior notice of less consequence." 370 U.S. at 632. In addition, the Supreme Court stated:
 
 
 19
 The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct.
 
 
 20
 Id.
 
 
 21
 Anderson filed a motion under Rule 60(b) on March 23, 1987 and submitted a Memorandum of Points and Authorities and an affidavit to support the motion. In his motion, Anderson advised the court that his failure to appear on the date set for trial resulted from his continued bereavement over his mother's death on July 12, 1986. Anderson further claimed confusion because his appeal from the denial of his "Application For Permission To Seek Appellate Review" had not been ruled upon by this court prior to the trial date. The district court reviewed these reasons before denying the motion.
 
 
 22
 The adequacy of notice turns upon the knowledge which Anderson had of the consequences of his own conduct. Id. Anderson was fully aware of the possibility of dismissal as a sanction for not following the court's orders. In the papers supporting his "Application For Stay of Order of Dismissal," Anderson admits receiving such warnings during the months of August, September and October of 1986 on "matter(s) of lesser significance." This concession amply demonstrates that Anderson had knowledge that failure to obey the court's order to appear for trial on February 10, 1987 would result in a dismissal because of the severity of such disobedience. Under the circumstances presented in this case, including the fact that Anderson had actual knowledge of the trial date and had been previously warned that the court would impose the sanction of dismissal for violation of its orders, the opportunity to seek reconsideration of the dismissal order under Rule 60(b) satisfied due process requirements.
 
 IV.
 
 23
 Anderson also argues that a trial court may not dismiss an action sua sponte for failure to prosecute. This contention lacks merit for two reasons. First, the district court did not dismiss this action sua sponte. Instead, the court granted defense counsels' motion for dismissal under F.R.Civ.P. 41(b). Second, a district court has the inherent power to dismiss an action sua sponte. Ash, 739 F.2d at 496 (citing Link, 370 U.S. at 630-31). In Link, the petitioner argued that the language of Rule 41(b) restricted involuntary dismissals for failure to prosecute to cases where the defendant presented a motion to dismiss. The Supreme Court disposed of this contention in the following language:
 
 
 24
 We do not read Rule 41(b) as implying any such restriction. Neither the permissive language of the Rule--which merely authorizes a motion by the defendant--nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.
 
 
 25
 370 U.S. at 630-31.
 
 V.
 
 26
 Anderson contends further that the district court abused its discretion by not weighing the relevant factors prior to the entry of the order of dismissal.
 
 
 27
 To dismiss a case for lack of prosecution, the district court must weigh (1) the manageability of the court's docket, (2) the public interest in expedited resolution of cases, and (3) prejudice to the defendant, against "the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions." Ash, 739 F.2d at 496; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986). We will not disturb a trial court's discretionary dismissal of an action unless we are firmly convinced that the trial court clearly erred in weighing the relevant factors. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976).
 
 
 28
 It is not imperative that a district court make findings which expressly indicate that the essential factors were considered. Such findings would simply be "beneficial as an aid to our review." Henderson, 779 F.2d at 1424. If the court does not make explicit findings which show that it weighed relevant factors, we "review the record independently to determine whether the court abused its discretion." Id.
 
 
 29
 While the district court did not recite the relevant factors, our independent review of the record has persuaded us that the facts known to the trial court support the dismissal of this action for failure to prosecute. Anderson's intentional failure to appear on February 10, 1987 not only prevented the court from proceeding expeditiously with the trial of this action, it also delayed consideration of the claims of other litigants whose matters could have been scheduled on that date. Anderson's conduct effectively took control of the court's docket away from the trial judge.
 
 
 30
 Anderson failed to present evidence in his papers supporting his Rule 60(b) motion to explain his failure to notify the court that he could not proceed to trial on the scheduled date because of the emotional impact of his mother's death. Anderson did not file a motion to continue the date of trial because of his bereavement. The trial judge did not abuse his discretion in discrediting this excuse. Anderson's mother passed away on July 12, 1986. Within the next three months, Anderson requested and was granted three continuances for the hearing on defendant's motion for partial summary judgment. Further, Anderson timely requested continuance of the discovery cutoff date because of his inability to proceed as a result of his mother's death.
 
 
 31
 Beginning with the hearing on appellee's motion for partial summary judgment set for November 3, 1986, however, Anderson attended all pretrial hearings and made all appropriate appearances. Anderson does not explain why he was able to request earlier continuances of hearings because of his bereavement, but did not do so prior to February 10, 1987.
 
 
 32
 In his brief before this court, Anderson also relies on the pendency of his purported notice of appeal to justify his failure to appear. First, he argues that the filing of a timely notice of appeal stays further trial proceedings. He relies upon a California case, Prudential-Bache Securities Inc. v. Superior Court (Downs), 201 Cal.App.3d 924 (May 1988), for this proposition. In that case, the California Court of Appeals held that under California Code of Civil Procedure, section 916, the perfecting of an appeal from the denial of a motion to compel arbitration stays proceedings in a trial court. Id. at 925. Clearly, California procedural rules concerning appealable orders are inapplicable to a federal court. See Hanna v. Plummer, 380 U.S. 460, 471 (1965) (federal rules of procedure apply in trials in the district courts). Under federal law, with exceptions not applicable under these facts, an appeal cannot be taken until after the entry of a final judgment. 28 U.S.C. Sec. 1291.
 
 
 33
 Second, Anderson argues that the pendency of the notice of appeal should have provided the district court with a reasonable explanation for his non-appearance. This argument does not demonstrate Anderson believed that he was not required to appear on February 10, 1987 because of the pendency of the notice of appeal. He does not claim before this court that the record contains facts showing that he did not appear because he thought that the district court had lost jurisdiction to hear this matter on February 10, 1987 because of the filing of this notice of appeal. He cannot make this contention because he claims that he had no knowledge that the matter was set for trial on February 10, 1987. As discussed above, the record shows that his claim of lack of actual knowledge of the trial date is simply not credible. In addition, as noted above, Anderson failed to present any facts to explain why he did not seek clarification from the district court concerning whether he had a responsibility to appear on the date set for trial in light of the pendency of the appeal.
 
 
 34
 Anderson asserts that the district court failed to consider less drastic sanctions before dismissing with prejudice. He claims that the district court should have considered a warning, a continuance, a fine, attorney's fees and costs or should have placed the lawsuit at the foot of the calendar.
 
 
 35
 It is true that our task is made easier if the record reflects that the district court considered less drastic sanctions before imposing the sanction of dismissal. Malone v. United States Postal Service, 833 F.2d 128, 132 (9th Cir.1987), cert. denied, 109 S.Ct. 59 (1988). It is not necessary, however, for the district court to state that it has considered the feasibility of alternative sanctions when the circumstances are egregious. Id. Egregious circumstances include those where the conduct is "willful, in bad faith, or relates to the matters in controversy in such a way as to interfere with the rightful decision of the case." North American Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir.1986) ("North American "); United States v. National Medical Enterprises, Inc., 792 F.2d 906, 912 (9th Cir.1986) ("Medical Enterprises ").
 
 
 36
 We have also held that a prior warning to a plaintiff that "failure to obey a court order will result in dismissal can suffice to meet the consideration of alternatives requirement." Malone, 833 F.2d at 132. As set forth above, Anderson concedes that he had received prior warnings. The court's warnings were sufficient to meet the "consideration of alternatives" requirement. Id. The district court did not abuse its discretion by entering a dismissal with prejudice without discussing its consideration and rejection of lesser sanctions.
 
 
 37
 The district court should also consider prejudice to the defendants in exercising its discretion to dismiss for failure to prosecute. Medical Enterprises, 792 F.2d at 913. Although a showing of prejudice is not required, see Henderson, 779 F.2d at 1425, (a showing of lack of prejudice to defendants is not determinative), it is a relevant factor that the district court should consider prior to ordering a dismissal. Medical Enterprises, 792 F.2d at 913. Because Anderson did not appear on the date set for trial, we can presume that his conduct prejudiced the defendants. Henderson, 779 F.2d at 1423. Moreover, the record shows actual prejudice to appellee J.M. Harrison. Harrison traveled from his home in Arizona to California on the date set for the trial of this action.
 
 
 38
 There is no dispute that the consequences to the court system are extremely disruptive when a party does not appear for trial. In this case, the defense was ready for trial. The witnesses were present in court. The court had arranged its calendar to try this matter. Notwithstanding prior warnings that dismissal might be imposed for willful violation of a court order, Anderson failed to appear for trial and did not attempt to contact the court in any way prior to the day of trial to seek a continuance.
 
 VI.
 
 39
 Anderson claims the district court failed to provide him with adequate guidance on the procedures to be followed in prosecuting this action. Anderson correctly notes that we have held that pro se plaintiffs should be held to less stringent standards than other litigants represented by counsel. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). We have also held that a district court must advise pro se plaintiffs how to correct their pleading or procedural errors before dismissing an action. Id.; Parviz Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623-624 (9th Cir.1988) ("Panahi "). Anderson's reliance on our discussions in Noll and Panahi, however, is misplaced.
 
 
 40
 Failure to appear for trial on the scheduled date cannot be characterized as a procedural default that may be explained by a pro se's lack of legal training. Understanding an order to appear for trial on a specific date does not require special training or expertise. Furthermore, Anderson demonstrated no need for special guidance regarding his responsibility to attend all prior court hearings or to notify the court when he needed a continuance. As set forth above, Anderson filed a motion on September 29, 1986, to extend the discovery cutoff date and the date set for trial because of the death of his mother. On October 31, 1986, he prepared an opposition to appellee's Motion for Partial Summary Judgment. On November 3, 1986, he attended the hearing on this Motion. On December 11, 1986, he prepared and filed a Settlement Conference Statement. On December 17, 1986, he attended a settlement conference.
 
 
 41
 The record is replete with evidence of Anderson's ability to understand that he was required to appear at all court proceedings. Anderson was admonished that failure to comply with a court order would likely result in a dismissal of his action. The evidence shows that he was aware that his matter was set for trial on February 10, 1987. In light of the court's prior admonitions concerning the consequences of violating court orders, the district court had no duty, solely because Anderson was acting in pro se, to explain that failure to appear for trial on February 10, 1987 would result in a dismissal.
 
 VII.
 
 42
 Anderson also asserts that the district court erred in denying his motion for relief from judgment filed pursuant to Rule 60(b).
 
 
 43
 Under Rule 60(b), relief may be granted from a judgment or order on various grounds including mistake, inadvertence, excusable neglect, or newly discovered evidence. F.R.Civ.P. 60(b)(1, 2); Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 832 (9th Cir.), cert. denied, 107 S.Ct. 112 (1986). We review the district court's denial of a motion for relief from judgment under Rule 60(b) for abuse of discretion and we reverse such rulings "only upon a clear showing of abuse of discretion." Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir.1985) (quoting Ellis v. Brotherhood of Railway, Airline & Steamship Clerks, 685 F.2d 1065, 1071 (9th Cir.1982) (emphasis added); aff'd in relevant part, 466 U.S. 435, (1984)).
 
 
 44
 We discussed, under rubric V above, the absence in the record of any valid justification for Anderson's failure to appear on the trial date or to notify the court that he could not be present. Anderson states that he was entitled to an order vacating the dismissal because he presented new evidence of misrepresentations made on September 15, 1986 by opposing counsel in his Rockwell case, which might affect the disposition of this case. This contention lacks merit. Newly discovered evidence must be material to the factual issues raised by the motion for dismissal. Lavino v. Jamison, 230 F.2d 909, 913 (9th Cir.1956). The evidence of alleged misrepresentations by opposing counsel in Anderson's claim against Rockwell International is not relevant or material to Anderson's failure to appear for trial on February 10, 1987. Only evidence which addresses or explains Anderson's absence would be relevant evidence to the validity of the order dismissing this action for failure to prosecute. Furthermore, Rule 60(b)(2) requires that the record show that the evidence could not have been discovered prior to the court's order through the exercise of due diligence. Contempo Metal Furniture of California v. East Texas Motor Freight Lines, Inc., 661 F.2d 761, 766 (9th Cir.1981). The alleged misrepresentations of counsel were reported in a transcript five months before the trial date. Anderson was a party to the proceedings. Thus, with the exercise of due diligence, evidence of the alleged misrepresentation was available to him prior to the entry of the dismissal order on February 10, 1987.
 
 
 45
 Finally, Anderson seeks reversal based on inadvertence or excusable neglect because of his mother's death. His failure to attend trial, however, cannot be characterized as inadvertence or excusable neglect because he possessed full knowledge of the date and could have notified the court if he was encountering difficulties. In Sutherland v. ITT Continental Baking Co., Inc., 710 F.2d 473 (8th Cir.1983), plaintiff's employment discrimination action was dismissed when his counsel failed to appear at trial. The court denied relief from the judgment stating, "failure to appear at trial is not the sort of inadvertence or excusable neglect that properly forms the basis for rule 60(b) relief." Id. at 477.
 
 
 46
 Because Anderson did not establish the fact that he failed to appear for trial due to mistake, inadvertence, surprise, or excusable neglect, or to offer relevant, newly discovered evidence that warranted setting aside the order of dismissal for failure to prosecute, the district court did not abuse its discretion in denying his Rule 60(b) motion.
 
 VIII.
 
 47
 Anderson contends that the district court abused its discretion by granting attorney's fees and costs to appellees. In fact, attorney's fees were denied by the district court. Accordingly, we limit our discussion to the award of costs.
 
 
 48
 Pursuant to F.R.Civ.P. 54(d) and Local Rule 16.1, costs are awarded to the prevailing party in civil actions as a matter of course unless the court rules otherwise. National Organization For Women v. Bank of California, Nat. Ass'n., 680 F.2d 1291, 1294 (9th Cir.1982). Whether to award costs is a decision made by the district court which will not be overturned unless the record shows abuse of discretion. Id.; Trans Container Services (Basel) A.G. v. Security Forwarders, Inc., 752 F.2d 483, 488 (9th Cir.1985).
 
 
 49
 Anderson argues that costs should be assessed against a Title VII complainant only if the action was frivolous, unreasonable or groundless. We have expressly rejected this contention in National Organization for Women. 680 F.2d at 1294. The district court did not abuse its discretion in awarding costs to the appellees. The judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3