46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maurice J. McDONALD, Plaintiff-Appellant,
v.
Robert LUCHIRINI, Clark County D.A., Office of the Clark
County D.A.; John Simmons, Assistant Deputy State Attorney,
Office of the Nevada State Attorney, and Judge Lloyd D.
George, Defendants-Appellees.
 No. 94-15961.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 19, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maurice J. McDonald, an Illinois state prisoner, appeals pro se the district court's dismissal under 28 U.S.C. Sec. 1915(d) of his 42 U.S.C. Sec. 1983 action against court personnel, prosecutors, and others.[1] We have jurisdiction under 28 U.S.C. Sec. 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Section 1915(d) authorizes a federal district court to dismiss an action filed in forma pauperis if the court is satisfied that the action is frivolous. A complaint is frivolous where it lacks an arguable basis in either law or fact. Denton, 112 S. Ct. at 1733; Neitzke v. Williams, 490 U.S. 319, 325 (1989). A finding of legal frivolousness is appropriate when none of the legal points are arguable on the merits. Neitzke, 490 U.S. at 325.
 
 
 4
 McDonald contends that the district court erred by dismissing his various claims. This contention lacks merit.
 
 
 5
 We may affirm the district court judgment on any basis in the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir. 1992), cert. denied, 113 S. Ct. 1945 (1993). In order to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Sec. 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated. Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994) (footnote omitted).
 
 
 6
 In his amended complaint, McDonald alleged that the defendants violated his constitutional rights in various ways in connection with their participation in state criminal proceedings against him, including his transfer to Illinois for further prosecution. Thus, McDonald is seeking to recover damages for conduct which if proven true, would invalidate his convictions. His convictions have not been invalidated. Therefore, he cannot state a cognizable Sec. 1983 claim for damages based on the challenged conduct of the defendants. See id. at 2373. For the same reasons his claim for injunctive relief must fail. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).[2]
 
 
 7
 McDonald also alleged in his amended complaint that Chief Judge Lloyd violated his constitutional rights by reassigning his habeas petition because the district court judge to which it had been assigned had assumed senior status. The district court correctly held that this allegation failed to state a Sec. 1983 claim.
 
 
 8
 Finally, the district court properly ruled that McDonald failed to state a double jeopardy claim against prosecutor Robert Luchirini in relation to his commencement of new criminal proceedings against McDonald based on charges that had previously been dismissed at a preliminary hearing. Jeopardy did not attach at the preliminary hearing. See United States v. Sanders, 591 F.2d 1293, 1296 (9th Cir. 1979).
 
 
 9
 Because McDonald's claims were frivolous, the district court did not err by dismissing his action under Sec. 1915(d). See Neitzke, 490 U.S. at 325.[3]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, McDonald's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 McDonald's May 4, 1994 notice of appeal from the district court's March 29, 1994 order dismissing his complaint with leave to amend constitutes a valid notice of appeal from the subsequently filed judgment entered May 25, 1994. See Firstier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 275-276 (1991); Ruby v. Secretary of Navy, 365 F.2d 385, 387-389 (9th Cir. 1966), cert. denied., 386 U.S. 1011 (1967)
 
 
 [2]
 Because McDonald had a habeas petition pending in the district court at the time the district court ruled on the allegations presented in this action, there was no need to construe his allegations challenging his confinement as a petition for a writ of habeas corpus. See Preiser, 411 U.S. at 500
 
 
 [3]
 McDonald's motion to file exhibits is denied