[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 14, 2006
THOMAS K. KAHN
CLERK

No. 06-11219
Non-Argument Calendar

_____

D. C. Docket No. 04-22678-CV-CMA

DOUGLAS W. SHIVERS,

Plaintiff-Appellant,

versus

EDWIN D. HILL, President,
International Brotherhood
of Electrical Workers,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 14, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

This case began in the Circuit Court for Dade County, Florida. Douglas W. Shivers sued Edwin D. Hill, president of the International Brotherhood of Electrical Workers, pursuant to the Labor Management Relations Act, 29 U.S.C. §§ 185, 412. Hill removed the case to the district court, and on April 6, 2005, the district court dismissed the case without prejudice to re-filing, after Shivers failed to respond to Hill's motion to dismiss or take a voluntary dismissal. On July 18, 2005, Shivers moved the court to re-open the case, attaching an amended complaint to his motion. The court denied the motion on August 9, 2005, because the court could not discern any extraordinary circumstances that compelled it to circumvent its April 6 order and allow Shivers to re-open the case rather than file a new complaint.

On December 6, 2005, Shivers filed a notice of appeal seeking review of the August 9 order. We dismissed that appeal on January 12, 2006, holding that the notice of appeal was untimely to appeal the August 9 order. Shivers v. Hill, No. 05-16802 (11th Cir. Jan. 12, 2006).[1]

In the interim, Shivers returned to the district court for relief. On January 5,

---

[1]Shivers seems to have combined two appeals. The notice of appeal filed on December 6, 2005, contains a heading for case no. 04-22678-CIV-Altonaga/Bandstra, the suit which the district court refused to re-open. The same notice, however, refers to an order the court issued on September 2, 2005, in case no. 05-22238-CIV-Altonaga/Turnoff. The latter case remained open at the time Shivers filed his notice of appeal, and we dismissed that appeal as lacking finality in the same January 12, 2006 decision mentioned in the above text. Shivers v. Hill, No. 05-16802 (11th Cir. Jan. 12, 2006).

2006, he moved the court for an extension of time in which to appeal the court's decision not to re-open the case. The court responded in an order dated January 9, 2006, denying the extension on the ground that the court no longer had jurisdiction; Shivers had appealed the matter to this court. The January 9 order is before us in this appeal.

Shivers mainly contends, here, that the district court should have granted him extensions so he could deal with his health problems, a Social Security hearing, and hurricane damage, even though he sought no extension until January 5, 2006. Shivers cites Rule 4(a)(5) of the Federal Rules of Appellate Procedure as relevant authority to justify an extension based on excusable neglect or good cause.

A district court's decision on a motion for extension of time to appeal is itself appealable and evaluated for abuse of discretion. Advance Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1323-25 (11th Cir. 1996)(reviewing denial).

Neither party seems to fully grasp the issue that emerges from the district court's order dated January 9, 2006, responding to Shivers' motion for an extension in which to file his appeal. In that order, the court instructed that a motion for extension "is appropriately addressed to the United States Court of Appeals for the Eleventh Circuit, where a notice of appeal has been filed, and not this Court." Based on the language from the court's order, it was not denying the

3

motion because it was untimely; rather, it was merely stating that it lacked jurisdiction to consider a motion for an extension of time to appeal where the case was already on appeal and within this court's jurisdiction. We have held that "'[t]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995)(quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 402 (1982)(per curiam)).

Shivers notice of appeal filed on December 6, 2005 divested the district court of jurisdiction over the matters brought on appeal. This case remained in this court until January 12, 2006, when we ordered the dismissal of the appeal filed on December 6, 2005 because it was untimely. During this period, the case was exclusively within our jurisdiction, and the district court had no discretion to entertain the motion for an extension filed on January 5, 2006. The court properly dismissed the motion for lack of jurisdiction.

Shivers's brief raises several issues not presented to the district court. We do not address them. Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994).

AFFIRMED.