# United States Court of Appeals for the Federal Circuit

2007-1172


GILDA INDUSTRIES, INC.,

Plaintiff-Appellant,

v.


UNITED STATES,

Defendant-Appellee.


Peter S. Herrick, of Miami, Florida, argued for plaintiff-appellant.

Maame A.F. Ewusi-Mensah, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. On the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and David S. Silverbrand, Attorney.

Appealed from: United States Court of International Trade

Judge Judith M. Barzilay

# United States Court of Appeals for the Federal Circuit

2007-1172

GILDA INDUSTRIES, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of International Trade in consolidated case no. 03-00203, Judge Judith M. Barzilay.

_____

DECIDED:  January 4, 2008

_____

Before BRYSON, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

BRYSON, <u>Circuit Judge</u>.

Gilda Industries, Inc., imports toasted breads from Spain.  Gilda began this action as a challenge to decisions of the United States Trade Representative regarding the compilation and maintenance of a "retaliation list" of imported products that includes toasted breads.  The retaliation list comprises products for which the Trade Representative decided to suspend tariff concessions as a means of retaliating against the European Community for its ban on the importation of hormone-treated animals and meat.  The Trade Representative placed toasted breads on the list in 1999 and has not removed that product from the list since that time.  Gilda brought suit in the Court of

International Trade, seeking to force the Trade Representative to remove toasted breads from the retaliation list and seeking to recover duties that Gilda has paid on imported toasted breads for the period that the retaliation list has been in effect.

The Court of International Trade dismissed Gilda's complaint for failure to state a claim upon which relief can be granted. On appeal, we affirmed the judgment of the trial court in substantial part, but we vacated and remanded for further proceedings to determine whether the Trade Representative had acted lawfully in exercising statutory responsibilities. Gilda Indus., Inc. v. United States, 446 F.3d 1271 (Fed. Cir. 2006). On remand, the trial court concluded that the Trade Representative had acted lawfully in concluding that it was not necessary to revise the retaliation list. Gilda Indus., Inc. v. United States, No. 03-00203, slip op. 06-149 (Ct. Int'l Trade Oct. 10, 2006). The court entered final judgment in the case, again dismissing the complaint, on October 10, 2006.

Gilda thereafter sought to appeal the trial court's judgment by filing a notice of appeal, but the circumstances under which the appeal was noticed and events subsequent to the filing have given rise to the dispute that is the subject of this appeal. This appeal therefore does not deal with the merits of the underlying case, but with issues related to the timeliness of the appeal and in particular whether the trial court had jurisdiction to issue an order permitting the filing of an untimely notice of appeal.

I

After the trial court entered its order granting the government's motion to dismiss on October 10, 2006, Gilda had 60 days within which to file a notice of appeal. Gilda's counsel asserts that on December 11, 2006, the last day of that 60-day period, he

logged on to the electronic filing website maintained by the Court of International Trade. He entered the information that Gilda was taking an appeal from the trial court's judgment and entered the required information to effect payment of the filing fee. However, he apparently logged off the website before reaching the final confirmation page. As a result, Gilda's notice of appeal was not recorded as having been filed on that day. The following day, when counsel realized he had not received the standard email notification that a filing had been received, counsel again logged on to the electronic filing website. Upon discovering that the notice of appeal had not been recorded as filed, counsel once again completed the electronic form to file the notice and made the required payment. This time, the filing was received and recorded as docketed by the Court of International Trade.

On December 19, 2006, this court docketed Gilda's appeal. That same day, Gilda filed in the Court of International Trade a motion under Rule 4(a)(5) of the Federal Rules of Appellate Procedure to extend the filing deadline for the notice of appeal to December 12, 2006, the date on which Gilda's notice of appeal was successfully filed and received by the trial court. The Court of International Trade, however, denied the motion, holding that it lacked jurisdiction over the case in light of the filing of the notice of appeal on December 12, 2006. On February 1, 2007, this court held that Gilda's December 12, 2006, notice of appeal was untimely filed and therefore dismissed the appeal. Gilda Indus., Inc. v. United States, 216 Fed. App'x 973 (Fed. Cir. 2007). After its appeal of the judgment was dismissed, Gilda appealed the trial court's order denying the motion to extend the filing deadline.

II

Ordinarily, the act of filing a notice of appeal confers jurisdiction on an appellate court and divests the trial court of jurisdiction over matters related to the appeal. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); 20 James Wm. Moore, Moore's Federal Practice § 303.32[1] (3d ed. 1997). That rule, however, does not extend to deficient notices of appeal. To the contrary, "[w]here the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." Ruby v. Sec'y of U.S. Navy, 365 F.2d 385, 389 (9th Cir. 1966) (en banc); see also Rucker v. Dep't of Labor, 798 F.2d 891, 892 (6th Cir. 1986) ("As a general rule, a district court loses jurisdiction over an action when a party perfects an appeal unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court."); In re Grand Jury Proceedings, 795 F.2d 226, 231 (1st Cir. 1986) (same); Arthur Andersen & Co. v. Finesilver, 546 F.2d 338, 340-41 (10th Cir. 1976) (same). Professor Moore's treatise summarizes the point as follows:

> A notice of appeal that is deficient because it is untimely or because it lacks the essential recitals does not transfer jurisdiction to the circuit court. If it is clear to the district court that the notice of appeal is deficient, it may disregard the purported notice and proceed with the case. Thus, if an appeal is filed after the filing deadline has passed and no extension is granted, the case may proceed in the district court.

20 Moore, supra, § 303.32[2][b][iv][A] (footnotes omitted); see also 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3950.1 (3d ed. 1999) ("The timeliness of the filing of the notice of appeal, as indicated, has come to be of critical

2007-1172                                    4

importance in jurisdictional terms."). [1] The Supreme Court has recently emphasized the critical importance of a timely notice of appeal in conferring jurisdiction on an appellate court, stating in <u>Bowles v. Russell</u>, 127 S. Ct. 2360, 2366 (2007), "Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Because Gilda's notice of appeal was filed a day late, the notice of appeal was untimely. As such, it neither conferred jurisdiction on this court nor divested the trial court of jurisdiction to entertain Gilda's subsequent motion to extend the filing deadline.

Although at one point the government argues that the trial court was divested of jurisdiction when Gilda filed its untimely notice of appeal on December 12, 2006, at another point the government argues that the trial court was without jurisdiction because Gilda's notice of appeal "had been docketed by this Court at the time Gilda filed its Rule 4(a)(5) motion." The government cites no authority for the proposition that the docketing date of an appeal in this court has jurisdictional significance, and we find no legal basis for that assertion. Gilda's appeal was docketed pursuant to Federal Rule of

---

[1] The government's brief did not cite any of the above-cited treatises and court of appeals cases. Instead, the government relied on an unpublished Eleventh Circuit decision, <u>Shivers v. Hill</u>, 205 Fed. App'x 788 (11th Cir. 2006). The Eleventh Circuit's unpublished opinions, however, are not treated as binding precedent even in the Eleventh Circuit. Moreover, if the government regarded that unpublished opinion as worthy of being called to our attention, it is not clear why the government did not regard as also worthy of our attention the Ninth Circuit's unpublished decision in <u>Levine v. Regents of the University of California</u>, 181 Fed. App'x 645 (9th Cir. 2006), which squarely holds that an untimely notice of appeal does not deprive a district court of jurisdiction to act on a motion to extend the time for filing a notice of appeal. As for the government's heavy reliance on the Supreme Court's decision in <u>Griggs v. Provident Consumer Discount Co.</u>, there is nothing in the Court's opinion in that case to suggest that an untimely notice of appeal deprives a district court of jurisdiction. In fact, the Court in <u>Griggs</u> cited, with apparent approval, the Ninth Circuit's en banc decision in the <u>Ruby</u> case which, as we have noted, states the opposite proposition. <u>See</u> <u>Griggs</u>, 459 U.S. at 58.

Appellate Procedure 12(a), which requires that "[u]pon receiving the copy of the notice of appeal and the docket entries from the district clerk under Rule 3(d), the circuit clerk must docket the appeal." Thus, the critical date for determining whether jurisdiction passes to the court of appeals is the date of the filing of the notice of appeal. See Griggs, 459 U.S. at 58. That is, when a notice of appeal is timely filed, a trial court is divested of jurisdiction at the time the notice is filed, not when the appeal is subsequently docketed by the appellate court. Moreover, a defective notice of appeal does not become effective to deprive the trial court of jurisdiction simply because the appellate court dockets the appeal. For those reasons, we reject the government's argument that the trial court could not entertain Gilda's motion to extend the filing deadline either because Gilda had filed a notice of appeal on December 12, 2006, or because this court had subsequently docketed that appeal.

At oral argument, the government contended that to allow the trial court to exercise jurisdiction over Gilda's motion for an extension of time to file its notice of appeal would have the untoward effect of allowing two courts to have jurisdiction over the same case at the same time. That is not so. It is true that the rationale behind the rule that the filing of a notice of appeal transfers jurisdiction from the trial court to the appellate court is "to promote judicial economy and avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time." 20 Moore, supra, § 303.23[1]; see also Griggs, 459 U.S. at 58 ("a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."). But that principle does not apply when the purported notice of appeal is defective and thus does not serve to transfer jurisdiction to the court of appeals. In

that setting, the court of appeals lacks jurisdiction over the case and thus the district court necessarily retains jurisdiction. As the Ninth Circuit put it in the Ruby case: "If, by reason of defects in form or execution, a notice of appeal does not transfer jurisdiction to the court of appeals, then such jurisdiction must remain in the district court; it cannot float in the air." 365 F.2d at 388.

Because we did not have jurisdiction over Gilda's untimely effort to appeal the trial court's October 10, 2006, judgment, the trial court's exercise of jurisdiction over Gilda's case would not result in two courts having jurisdiction over the same case at the same time. To the contrary, it would simply recognize that the untimely notice of appeal was not effective to deprive the trial court of jurisdiction over the case.

III

Gilda asks us to remand this case to the Court of International Trade with instructions that it should find that Gilda's late filing was due to excusable neglect, and that the filing deadline for the notice of appeal should be extended to December 12, 2006. Because the trial court ruled that it did not have jurisdiction to rule on Gilda's motion, it has not made findings of fact with respect to Gilda's late filing or exercised its discretion with respect to that motion. While it appears that, if the facts attested to by Gilda's counsel are accurate, Gilda has made a strong showing of excusable neglect, we remand the case to the trial court to determine in the first instance whether Gilda has made the required showing of excusable neglect or good cause under Fed. R. App. P. 4(a)(5).

REVERSED and REMANDED.

2007-1172                                7