NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1344

GILDA INDUSTRIES, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Peter S. Herrick, Attorney at Law, of Miami, Florida, for appellant.

David S. Silverbrand, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from: United States Court of International Trade

Judge Judith M. Barzilay

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1344

GILDA INDUSTRIES, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of International Trade
in consolidated case no. 03-00203, Judge Judith M. Barzilay.

_____

DECIDED: November 24, 2008

_____

Before BRYSON and DYK, <u>Circuit Judges</u>, and PATEL, <u>District Judge</u>.[*]

PER CURIAM.

Gilda Industries, Inc., appeals from a decision of the Court of International Trade dismissing Gilda's complaint for failure to state a claim upon which relief can be granted. We <u>affirm</u>.

In July 1999, the United States Trade Representative compiled a list of imported goods that would be subject to increased duties in retaliation for the European

---

[*] The Honorable Marilyn Hall Patel, District Judge, United States District Court for the Northern District of California, sitting by designation.

Community's ban on hormone-treated beef. Gilda, an importer of toasted breads from Spain, challenged the decision of the Trade Representative to include "[r]usks, toasted bread and similar products" on the hormone-beef retaliation list. The litigation focused on the obligations of the Trade Representative under the so-called "carousel provision" of the Trade and Development Act of 2000, Pub. L. No. 106-200, 114 Stat. 251. That provision requires the Trade Representative to make periodic adjustments to the retaliation list unless (1) the Trade Representative "determines that implementation of a recommendation made pursuant to a dispute settlement proceeding . . . is imminent," or (2) "the Trade Representative together with the petitioner involved in the initial investigation . . . agree that it is unnecessary to revise the retaliation list." 19 U.S.C. § 2416(b)(2)(B). There is no dispute that the Trade Representative has not revised the hormone-beef retaliation list since it went into effect.

In its initial motion for judgment on the pleadings, the government invoked the first carousel exception but failed to offer any evidence suggesting that the Trade Representative had determined that the resolution of the hormone-beef dispute was imminent. See Gilda Indus., Inc. v. United States, 353 F. Supp. 2d 1364, 1372 (Ct. Int'l Trade 2004) ("Gilda I"). The trial court nonetheless found that the representations by government counsel as to the applicability of the exception were sufficient to relieve the Trade Representative of his obligations under the carousel provision. Id. at 1372-73. On appeal, we vacated the judgment in favor of the government and remanded for further fact-finding as to whether the Trade Representative had made the required "imminent resolution" determination. Gilda Indus., Inc. v. United States, 446 F.3d 1271, 1283 (Fed. Cir. 2006) ("Gilda II"). Rather than receiving evidence on the factual

predicates of the first carousel exception, the trial court granted the government's motion to dismiss based on the second carousel exception, i.e., that the domestic beef industry concurred in the Trade Representative's assessment that further revision of the retaliation list was unnecessary. Gilda Indus., Inc. v. United States, No. 03-00203 (Ct. Int'l Trade Oct. 10, 2006) ("Gilda III").

Gilda appealed from the dismissal order. After litigation over whether the appeal was timely and whether Gilda's motion to extend the time for appeal should have been granted, see Gilda Indus., Inc. v. United States, No. 2007-1103, 216 Fed. Appx. 973 (Fed. Cir. Feb. 1, 2007) ("Gilda IV"); Gilda Indus., Inc. v. United States, 511 F.3d 1348 (Fed. Cir. 2008) ("Gilda V"), the trial court ruled that although Gilda's notice of appeal was late, Gilda showed excusable neglect for its belated filing, and this appeal proceeded.

Gilda's sole argument on appeal is that the trial court lacked authority to consider whether the Trade Representative had satisfied the requirements of the second carousel exception because our remand in Gilda II was limited to affording the government an opportunity to adduce evidence concerning the applicability of the first carousel exception. We agree with the government that the scope of our remand in Gilda II was not so narrowly drawn.

While a reviewing court's mandate "is controlling as to matters within its compass, on the remand a lower court is free as to other issues." Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939); see also Exxon Chem. Patents, Inc. v. Lubrizol Corp., 137 F.3d 1475, 1478 (Fed. Cir. 1998) (reviewing court's mandate does not ordinarily encompass an issue that was not presented to the court); Laitram Corp. v.

NEC Corp., 115 F.3d 947, 951 (Fed. Cir. 1997) ("Upon return of its mandate, the district court cannot give relief beyond the scope of that mandate, but it may act on matters left open by the mandate."). "Only the issues actually decided—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration." Engel Indus., Inc. v. Lockformer Co., 166 F.3d 1379, 1382-83 (Fed. Cir. 1999); see also Amado v. Microsoft Corp., 517 F.3d 1353, 1360 (Fed. Cir. 2008) ("the mandate rule precludes reconsideration of any issue within the scope of the judgment appealed from—not merely those issues actually raised"). Accordingly, the resolution of Gilda's appeal turns on the interpretation of our mandate in Gilda II.

In Gilda I, the government relied on the first carousel exception and did not invoke the second exception. The trial court therefore did not address the second exception. That exception was not at issue on appeal in Gilda II, and in our opinion we did not address whether the Trade Representative's inaction could be excused on that basis. Because the second carousel exception was not before us in Gilda II and our decision in that case did not implicate that exception, the mandate did not foreclose the trial court from addressing that exception on remand.

Moreover, our opinion in Gilda II implicitly contemplated that the trial court might need to address issues other than the applicability of the first carousel exception. In Gilda II, the parties' dispute centered on the question whether, in invoking the first carousel exception, the government was obligated to proffer evidence in support of its assertion that the Trade Representative "believes that a solution with the European Communities is imminent." Gilda I, 353 F. Supp. 2d at 1372. We answered that

question in the affirmative and remanded for the lower court "to further consider whether the Trade Representative has actually determined that resolution of the hormone dispute is imminent." 446 F.3d at 1282. That remand instruction did not expressly preclude the trial court from addressing the applicability of the second carousel exception. Any inference to that effect would be inconsistent with our observation that, even if the trial court were to find that the Trade Representative had not made an imminence determination, the court should nonetheless consider whether to grant injunctive relief requiring that revisions be made to the retaliation list. Id. Thus, we appreciated that a factual finding favorable to Gilda would not necessarily conclude the matter because the government might have alternative grounds on which to oppose Gilda's claim. That interpretation of the mandate is consistent with our subsequent statement in the litigation over the timeliness of the notice of appeal, where we noted that we had "remanded for further proceedings to determine whether the Trade Representative had acted lawfully in exercising statutory responsibilities." Gilda V, 511 F.3d at 1349. We therefore reject Gilda's argument that the mandate barred the trial court from addressing any issue other than the applicability of the first carousel exception.