# In the United States Court of Federal Claims

No. 14-135L
(Filed: July 7, 2017)
NOT FOR PUBLICATION

```
*************************************
JEFFREY MEMMER, GILBERT           *
EFFINGER, LARRY GOEBEL AND        *
SUSAN GOEBEL, OWEN HALPENY,       *
MATTHEW HOSTETTLER, JOSEPH        *
JENKINS, MICHAEL MARTIN AND       *
RITA MARTIN, McDONALD FAMILY      *
FARMS OF EVANSVILLE, INC., REIBEL *   Jurisdiction to Conduct Further Proceedings
FARMS, INC., JAMES SCHMIDT AND    *   After the Filing of a Notice of Appeal of an
ROBIN SCHMIDT,                    *   RCFC 54(b) Judgment
                                  *
            Plaintiffs,           *
                                  *
v.                                *
                                  *
THE UNITED STATES,                *
                                  *
            Defendant.            *
*************************************
```

## ORDER DIRECTING COMPLIANCE WITH THE COURT'S JUNE 15, 2017 ORDER

In an April 10, 2017 order, the court, at the request of the parties, directed the clerk to issue judgment in the above-captioned case as to just compensation and interest pursuant to Rule 54(b) of the Rules of the United States Court of Federal Claims ("RCFC"). The order reflected that the RCFC 54(b) judgment did not pertain to the reimbursement of plaintiffs' attorney's fees, costs, and expenses pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"). The clerk issued the RCFC 54(b) judgment on April 11, 2017, and on June 9, 2017, defendant noticed an appeal of that judgment. Accordingly, in a June 15, 2017 order, the court directed the parties to file a joint status report "indicating their position regarding whether the court should stay further proceedings in this case"–essentially, proceedings with respect to attorney's fees, costs, and expenses–"pending the resolution of defendant's appeal."

In their joint status report, filed on June 30, 2017, the parties assert that because defendant appealed the RCFC 54(b) judgment, the court "is divested of jurisdiction and need not enter a stay in order to suspend further proceedings in this court related to the appeal pending resolution of the appellate proceedings." The parties misunderstand the applicable precedent. While it is true that defendant's appeal divests this court of jurisdiction over issues related to the RCFC 54(b) judgment, see Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)

("The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); Gilda Indus., Inc. v. United States, 511 F.3d 1348, 1350 (Fed. Cir. 2008) ("Ordinarily, the act of filing a notice of appeal confers jurisdiction on an appellate court and divests the trial court of jurisdiction over matters related to the appeal."), the court retains jurisdiction to conduct proceedings on plaintiffs' anticipated URA claim.

As an initial matter, by the rule's plain text, judgments issued pursuant to RCFC 54(b) are judgments "as to one or more, but fewer than all, claims or parties . . . ." Consequently, upon the issuance of an RCFC 54(b) judgment, one or more claims remain for the court's resolution. In this case, the RCFC 54(b) judgment pertained to defendant's liability to pay plaintiffs just compensation and interest; it did not pertain to defendant's liability to pay plaintiffs attorney's fees, costs, and expenses under the URA. Thus, defendant's appeal did not encompass plaintiffs' anticipated URA claim.

Moreover, the applicable precedent provides an exception to the rule that a notice of appeal divests a trial court of jurisdiction–trial courts retain jurisdiction to entertain applications for attorney's fees and costs. The United States Supreme Court ("Supreme Court") has remarked that, "[a]s a general matter, . . . it [is] indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200 (1988). In other words, such a claim is collateral to the merits of the action. White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 452 n.14 (1982). Accordingly, "[m]ost courts have held that a district court may award attorney's fees . . . after a timely notice of appeal has been filed." 20 James Wm. Moore, Moore's Federal Practice § 303.32[2][b][iii] (2012); see, e.g., Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004) ("[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees."); Creations Unlimited, Inc. v. McCain, 112 F.3d 814, 817 (5th Cir. 1997) ("A district court has jurisdiction to rule on a motion for ancillary attorneys' fees even after the filing of a notice of appeal with respect to the underlying claims."); City of Chanute v. Williams Nat. Gas Co., 955 F.2d 641, 658 (10th Cir. 1992) ("The law is well settled [that] the district judge retains jurisdiction over the issue of attorneys' fees even though an appeal on the merits of the case is pending."), overruled on other grounds by Systemcare, Inc. v. Wang Labs. Corp., 117 F.3d 1137 (10th Cir. 1997); Apostol v. Gallion, 870 F.2d 1335, 1338 (7th Cir. 1989) ("A district court . . . may award attorneys' fees while the court of appeals addresses the merits . . . because there is no concurrent exercise of power on the same subject and little overlap of issues. True, a decision reversing the judgment on the merits would affect or nullify the award of fees, but the subjects are distinct."); Langham-Hill Petroleum Inc. v. S. Fuels Co., 813 F.2d 1327, 1330-31 (4th Cir. 1987) (holding that it was bound by the Supreme Court's decision in White to hold that the district court could award attorney's fees after the filing of a notice of appeal); Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir. 1983) ("The district court retained the power to award attorneys' fees after the notice of appeal from the decision on the merits had been filed."); Q Integrated Cos. v. United States, No. 16-101C, 2017 WL 2859222, at *4 (Fed. Cl. July 5, 2017) ("[T]he trial court maintains jurisdiction over claims for attorneys' fees while the merits of a case are on appeal.").

-2-

In light of the fact that the court possesses jurisdiction to consider plaintiffs' anticipated URA claim notwithstanding defendant's filing of a notice of appeal, the court directs the parties to comply with its June 15, 2017 order, namely, to "file a joint status report indicating their position regarding whether the court should stay further proceedings in this case pending the resolution of defendant's appeal." The parties shall file their joint status report **no later than Friday, July 21, 2017**.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge