**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2355**

RAUL AGUILAR,

               Plaintiff - Appellant,

     v.

EQUITY TRUSTEES, LLC, A Limited Liability Company,

               Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. John F. Anderson, Magistrate Judge. (1:16-cv-01285-GBL-JFA)

Submitted: June 29, 2017                    Decided: July 27, 2017

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Raul Aguilar, Appellant Pro Se. Robert Ryan Michael, BWW LAW GROUP, LLC, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raul Aguilar seeks to appeal the magistrate judge's order denying Aguilar's motion for entry of default judgment and granting Defendant leave to file its responsive pleading one day late. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order Aguilar seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] After Aguilar noted his appeal, the district court entered an order pursuant to Fed. R. Civ. P. 62.1, indicating that it would grant Defendant's motion to dismiss Aguilar's complaint if we remanded for that purpose under Fed. R. App. P. 12.1. We conclude, however, that Rules 62.1 and 12.1 are inapplicable. A district court need only enter an indicative ruling when "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a). Here, the court retained jurisdiction while Aguilar's appeal of the magistrate judge's nonappealable, interlocutory order was pending. *See Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006) ("[A]n appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision."); *see also Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350-51 (Fed. Cir. 2008) (collecting authorities).