**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3191
_____

GERALD BUSH,
                                        Appellant

v.

CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-00640)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2019

Before: KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed March 13, 2019)
_____

OPINION*
_____

PER CURIAM

        Gerald Bush appeals the District Court's order denying his motion to add a legal

malpractice claim under 28 U.S.C. § 473(a)(4) and claims under 42 U.S.C. §§ 1983 and

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1985.  For the following reasons, we will affirm.

In 2010, Bush filed a pro se, *in forma pauperis* complaint (and an amended complaint) against the City of Philadelphia.  The District Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by the statute of limitations and precluded under res judicata.  Further, the District Court directed the Clerk of Court "not to accept any further complaints, motions, letters, memoranda, or any other documents that Plaintiff files against Defendant, except for a Notice of Appeal, unless he secures prior approval from the Court."  Dkt. #6.  Bush did not file a notice of appeal, and the case was closed.

More than seven years later, in December 2017, Bush attempted to file additional documents in the case, including two proposed complaints with exhibits.  By orders entered December 13, 2017, and December 29, 2017, the District Court directed the Clerk neither to accept nor to approve the filings and to instead return them to Bush.

On March 1, 2018, Bush submitted two filings to the District Court.  The first was a notice of appeal as to the December 13 and 29 orders.  See Dkt. #9.  The second was a "Motion to add 28 U.S.C.A. 473(a)(4) to Legal Malpractice under Code of Professional Conduct and Independent Civil Claim under 42 1985 and 1983 Violations of 28 U.S.C.A. 473(a)(4)" (March 1 motion).  See Dkt. #10.  The notice of appeal (Dkt. #9) was subsequently withdrawn on Bush's own motion and dismissed by our Clerk pursuant to Fed. R. App. P. 42(b).  See Dkt. #12; C.A. No. #18-1450.

On July 2, 2018, Bush filed another notice of appeal.  Dkt. #13.  The caption for

this notice of appeal named two attorneys, instead of the original defendant (the City of Philadelphia), and included an alleged email exchange between the attorneys. Also around this time, Bush filed a mandamus petition in this Court.[1]

On September 24, 2018, while the July 2 notice of appeal was pending, the District Court entered the order at issue in this appeal. In that order, the District Court denied Bush's March 1 motion, reasoning that Bush's notices of appeal from March 1 (Dkt. #9) and July 2 (Dkt. #13) divested it of jurisdiction. Alternatively, the District Court determined that it lacked subject matter jurisdiction under either 28 U.S.C. § 1331 (Federal Question) or 28 U.S.C. § 1332 (Diversity of Citizenship), as Bush had raised state tort claims against private attorneys who were not state actors and he had not established that the parties were diverse or that the amount in controversy exceeded $75,000, respectively. Bush appealed.

We will affirm.[2] Initially, we note that the primary basis for the District Court's dismissal—that it was divested of jurisdiction due to two pending notices of appeal— cannot be sustained. Generally, "the timely filing of a notice of appeal is an event of

---

[1] We denied the writ of mandamus, and noted that, to the extent the filing was an attempt to force the District Court to rule on his March 1 motion, mandamus relief was unwarranted. See In re Bush, 738 F. App'x 119, 121 n.4 (3d Cir. 2018) (per curiam, not precedential).

[2] We have appellate jurisdiction because the order appealed is a "final decision" under 28 U.S.C. § 1291. "We exercise plenary review over the District Court's dismissal for lack of subject matter jurisdiction." Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016). "We may affirm a district court for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

3

jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in appeal." Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). However, a notice of appeal taken from an order or judgment which is *not appealable* does not deprive the district court of jurisdiction. See id. at 121.

Here, while the March 1 notice of appeal (Dkt. #9) was subsequently withdrawn by Bush's own motion—and was therefore not pending at the time the District Court entered the order at issue here—the July 2 notice of appeal *was* still pending. The July 2 notice was not, however, a timely appeal as to any conceivable order. Indeed, the most recent order on the District Court's docket was entered six months before the notice, on December 27, 2017. Under these circumstances, the District Court's jurisdiction was intact. See id.; see also Gilda Indus., Inc. v. United States, 511 F.3d 1348, 1350–51 (Fed. Cir. 2008) (acknowledging that a notice of appeal that is untimely or that lacks essential elements does not divest a district court of jurisdiction).

Turning to the March 1 motion, we note it is difficult to discern precisely what the motion *is*, given the procedural history of this case.[3] On its face, it aims to "add"

_____

[3] Indeed, the District Court could have simply declined to consider the filing in accordance with its 2010 injunctive order (Dkt. #6), as it did with the two proposed complaints in December 2017. Certainly, we think the District Court would have been well within its discretion to do so, especially considering that the case concluded over seven years ago and given Bush's history of repetitious filings. A quick search through our docket and the District Court's docket reveals that Bush has repeatedly filed numerous actions, with various overlap on the same or similar subject matter. See Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) ("As a general matter, we accord district

4

malpractice[4] and civil rights claims under 42 U.S.C. §§ 1983 and 1985. However, as noted above, the case was closed in 2010, and the two proposed complaints Bush attempted to file in December 2017 were not accepted pursuant to the District Court's 2010 injunctive order restricting further filings in the case. Thus, there was no open complaint to "add" claims to. See, e.g., Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (observing that a motion to amend requires an open case). We recognize, however, that a District Court could reopen a case, via, for instance, Fed. R. Civ. P. 60(b), to allow for post-judgment amendment. See id.; see also Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002) (noting courts are free to re-characterize post-judgment motions "to match the substance of the relief requested"). Accordingly, we may turn to the substance of Bush's motion to amend.

In order to sketch out claims that are viable under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii), a litigant must offer factual allegations that, when taken as true, are sufficient to suggest a plausible entitlement to relief. See Fleisher v. Standard

---

courts great deference with regard to matters of case management."); Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) (noting the All Writs Act, 28 U.S.C. § 1651(a), permits a district court to issue filing injunctions "to preclude abusive, groundless and vexatious litigation").

[4] Although Bush also cites a federal statute, 28 U.S.C. § 473(a)(4), as a purported basis for his malpractice claim, that section, governing district court civil justice expense and delay reduction plans, simply requires such plans to include "encouragement of cost-effective discovery through voluntary exchange of information among litigants and their attorneys and through the use of cooperative discovery devices." The statute does not provide a private right of action against an attorney.

Ins., 679 F.3d 116, 120 (3d Cir. 2012). Here, Bush attempted to bring civil rights and legal malpractice claims against his attorneys who allegedly represented him—although it is unclear when and on what matter they did. Quite simply, Bush's filing, which consists of vague allegations of wrongdoing as to a "concocted brief" his attorneys allegedly drafted, was insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that, while the pleading standard of Rule 8 does not require "'detailed factual allegations,'" it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that a complaint is insufficient "if it tenders 'naked assertions' devoid of 'further factual enhancement'" (alteration omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting "pro se litigants still must allege sufficient facts in their complaints to support a claim"). Moreover, and notably, Bush failed to show how his private attorneys could be considered state actors for purposes of § 1983. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999).[5] Thus, we will affirm the District Court's ultimate rejection of Bush's filings, albeit on alternative grounds, and modify the judgment to reflect our determination that Bush did not establish any basis for

---

[5] The District Court concluded that Bush's claims were entirely outside of its subject-matter jurisdiction. We agree with the District Court that Bush did not establish a basis for exercising diversity jurisdiction under 28 U.S.C. § 1332. However, Bush's civil rights claims would, if viable, be within the District Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343. As noted above, we think the better view is simply that Bush's claims were not viable under 28 U.S.C. § 1915(e)(2)(B)(ii).

reopening his case, as his filings did not contain any viable claim.[6] See Brightwell, 637 F.3d at 191.

On appeal, we understand Bush to argue that the District Court should have exercised supplemental jurisdiction to consider his state law malpractice claims. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Under the circumstances of this case, we view the District Court's dismissal language as encompassing a refusal to exercise supplemental jurisdiction over any of Bush's state law claims, which was proper. See id.; see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Bush also references the July 2 notice of appeal, and states that the caption "properly named the parties" but that the Clerk improperly changed the name of the parties to "City of Philadelphia." Appellant's Br. 2. From what we can discern, it appears Bush is trying either to circumvent the District Court's restrictions on his filings in this case by naming different parties in his captions or to appeal the District Court's 2010 injunctive order.[7] To the extent Bush is attempting to appeal *any* of the District

---

[6] Under the circumstances, the District Court need not have offered Bush leave to amend his allegations. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

[7] Indeed, the District Court's 2010 injunctive order specifically noted that it would not accept any further complaints, motions, letters, memoranda, or any other documents, "except for a Notice of Appeal" against the City of Philadelphia. Dkt. #6. Accordingly,

7

Court's injunctive orders,[8] his notice of appeal was filed on October 1, 2018—well outside the applicable thirty-day period for appeal under Fed. R. App. P. 4(a)(1)(A). Therefore, we lack appellate jurisdiction to consider those arguments.

Finally, pending before us are five motions: (1) a motion to file an amended brief; (2) a motion requesting permission to "amend information to brief abuse of process claim"; (3) a motion to "add motions" allegedly related to "newly discovered facts and case law"; (4) a motion requesting permission to file more information in support of all of his briefs; and (5) a motion requesting permission to submit information on legal malpractice claims. We deny all of these motions, as they include filings and orders from other cases in which Bush was a party, and contain other largely irrelevant material to this appeal. We caution Bush that we will consider sanctions and filing restrictions if he continues to file repetitive, meritless, vexatious, or frivolous submissions. See Brow, 994 F.2d at 1038.

For the foregoing reasons, we will affirm the District Court's judgment as modified herein.

---

it is not surprising that he has filed three notices of appeal with different party names within the past year, in addition to the mandamus petition, in an apparent attempt to sidestep the District Court's restrictions. See Dkt. #6; Dkt. #13; Dkt. #16; C.A. No. #18-2591.

[8] Bush attaches the District Court's December 13, 2017, and December 29, 2017, orders (directing the Clerk to return his unapproved documents) to his brief. Thus, it is possible he is attempting to revisit these orders, or the original injunctive order from 2010.