# In the United States Court of Federal Claims

No. 26-500C
Filed: April 23, 2026
NOT FOR PUBLICATION

---

**TRAVOY R. HOLLIE, JR.,**

       *Plaintiff,*

v.

**UNITED STATES,**

       *Defendant.*

---

## ORDER

The plaintiff, proceeding *pro se*, filed this action on March 31, 2026; the case was docketed on April 2, 2026. The plaintiff sues the defendant, acting through the Department of Transportation. The plaintiff appears to be challenging actions of the Federal Motor Carrier Safety Administration, but the nature of those actions is not clear.

Concurrently with the complaint, the plaintiff filed an incomplete application for leave to proceed *in forma pauperis* ("IFP"). Instead of being ordered to file a complete IFP application the plaintiff was denied leave to proceed IFP due to his filing within the prior year of at least three frivolous complaints in of the United States District Court for the Southern District of Texas. *Hollie v. United States*, No. 26-500, 2026 WL 925718 (Fed. Cl. April 3, 2026). The plaintiff was ordered to pay the filing fee by May 1, 2026, and was advised that failing to do so would result in the dismissal of the complaint under Rule 41(b) of the Rules of the Court of Federal Claims ("RCFC").

On April 20, 2026, the clerk received from the plaintiff a notice of appeal to the Court of Appeals for the Federal Circuit and supporting documents. These documents were ordered to be filed and were filed on April 23, 2026.[1] The filing of a notice of appeal with a trial court ordinarily confers jurisdiction on an appellate court and divests the trial court of jurisdiction over matters related to the appeal. That general rule does not apply, however, when the notice of appeal is facially defective. *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350-51 (Fed. Cir. 2008).

Except as authorized by 28 U.S.C. § 1292(d)(2), the Federal Circuit has jurisdiction over appeals of "final decisions" of the Court of Federal Claims. 28 U.S.C. § 1295(a)(3). The jurisdiction of the Federal Circuit does not normally extend to interlocutory and other non-final orders and decisions of this court.

The order denying the plaintiff leave to proceed IFP is not a final decision; it expressly allows the plaintiff to proceed with the litigation once he pays the filing fee. No final order was

---

[1] The clerk received two separate notices of appeal and identical sets of documents with each notice. One set of documents was filed, but the other was rejected as duplicative.

entered, and the clerk did not enter judgment. The notice of appeal is therefore facially defective and does not serve to divest this court of jurisdiction over the complaint.

The plaintiff's notice of appeal is construed to reflect that the plaintiff does not intend to pay the filing fee by May 1, 2026, as previously ordered. Accordingly, the complaint is dismissed under RCFC 41(b).

In addition, the jurisdiction of the Court of Federal Claims is limited under the Tucker Act, 28 U.S.C. § 1491(a). The Tucker Act waives the sovereign immunity of the federal government for claims founded on an express or implied contract with the United States; seeking a refund from a prior payment made to the United States; or based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). The Tucker Act itself does not create a cause of action. A plaintiff must also identify a money-mandating source of law. *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005). None of the several statutes alleged by the complaint to have been violated, in titles 5, 18, and 28 of the United States Code, are money-mandating. Accordingly, the complaint also falls outside the limited jurisdiction of this court and must be dismissed for lack of jurisdiction.

The complaint is **DISMISSED** without prejudice under RCFC 41(b) and RCFC 12(b)(1) and 12(h)(3). The clerk shall enter judgment accordingly. No costs are awarded. Upon entry of the judgment, the plaintiff may file a new notice of appeal to bring the entire matter within the jurisdiction of the Federal Circuit.

It is so **ORDERED**

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

2